728 A.2d 912

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Philip S. BEACHEY, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 19, 1998.

Decided April 20, 1999.

---

Charles M. Watkins, Hamburg, for Philip Beachey.

Jaime M. Keating, Chief Dep. D.A., for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

### OPINION OF THE COURT

FLAHERTY, Chief Justice.

This is an appeal by allowance from an order of Superior Court which affirmed a judgment of sentence imposed by the Court of Common Pleas of Cumberland County. The appellant, Philip S. Beachey, was convicted of a Vehicle Code violation based on the improper use of his high beam headlights. The facts giving rise to the conviction were as follows.

On June 9, 1996, a police officer was patrolling a roadway in the Borough of Camp Hill, Cumberland County. While observing traffic, he saw appellant flash his vehicle's high beams ten or more times to warn oncoming motorists of the presence

of a police radar unit. Appellant was approximately fifty feet from oncoming traffic when he flashed his lights. The officer stopped appellant and explained that he was only going to give a verbal warning about the illegality of using high beam lights in close proximity to other vehicles. Appellant became argumentative and correctly asserted that his conduct was not illegal. As the trial court aptly described the situation, "[r]ejecting the time-honored precept that penitence is an avenue to grace, ... [appellant] argued his way right into a citation for violating Section 4306 of the Vehicle Code." The incident occurred at a time when there was no need to use headlights to see the road, i.e., at 12:42 p.m. on an overcast summer day. Appellant admitted that he was using his high beams solely to warn other drivers of the presence of police that were enforcing the speed limit.

On October 3, 1996, in the Court of Common Pleas of Cumberland County, appellant was convicted of violating 75 Pa.C.S. § 4306(a) (governing use of multiple-beam headlights while approaching an oncoming vehicle) and sentenced to pay the costs of prosecution and a fine of twenty-five dollars. Superior Court subsequently affirmed.

At issue is the applicability of 75 Pa.C.S. § 4306(a), which provides: "Whenever the driver of a vehicle approaches an oncoming vehicle within 500 feet, the driver shall use the low beam of light." We believe that the courts below erred in regarding this provision as applicable to the midday use of high beams. Although the provision does not specify its scope of application, reason requires that it be read in connection with statutory language that sets forth the circumstances when motorists are required to use their headlights. See 1 Pa.C.S. § 1932 (statutes in pari materia are to be construed together).

In pertinent part, 75 Pa.C.S. § 4302 provides:

§ 4302. Periods for requiring lighted lamps

(a) General rule.—The operator of a vehicle upon a highway shall display the lighted head lamps and other lamps and illuminating devices required under this chapter

for different classes of vehicles, subject to exceptions with respect to parked vehicles, at the following times:

(1) Between sunset and sunrise.

(2) Any time when, due to insufficient light or unfavorable atmospheric conditions, including rain, snow, sleet, hail, fog, smoke or smog, persons and vehicles on the highway are not clearly discernible to the operator for a distance of 1,000 feet ahead.

Thus, section 4302 sets forth the times when headlights must be used, and section 4306(a) limits the use of high beams during those times. If the two provisions were not read together, application of section 4306(a) would not be limited to the times specified in section 4302 and an absurd result would follow. Specifically, section 4306(a)'s requirement that motorists use their low beams whenever approaching another vehicle within 500 feet would be applicable during the daytime. Hence, a motorist would be in violation if, during daylight hours, he failed to turn on his low beam headlights every time a vehicle approached within 500 feet. In interpreting statutes, it is axiomatic that the legislature does not intend an absurd or unreasonable result. See 1 Pa.C.S. § 1922(1) (presumptions in ascertaining legislative intent).

The plain legislative intent of section 4306(a) was to prevent motorists from facing excessive glare, so as to reduce the obvious safety hazard that exists when a driver suffers momentary blindness upon being subjected even very briefly to the intense brightness of high beam lamps. However, it is inconceivable that the legislature was concerned about the midday use of high beams during periods when normal atmospheric and lighting conditions make it impossible for drivers to be blinded by headlight glare. We conclude, therefore, that section 4306(a) was never intended to apply to the midday use of one's headlights. Appellant's conviction for the daytime use of his high beams cannot, therefore, be sustained.

Judgment of sentence reversed.

Justice SAYLOR did not participate in the consideration or decision of this case.

Justice CASTILLE files a dissenting opinion.

CASTILLE, Justice, dissenting.

I disagree with the majority that the wording of 75 Pa.C.S. § 4306(a) makes it inapplicable in the circumstances of this case. In my view, the use of high beams during the daylight hours can cause the type of driving distraction that the legislature attempted to cure by enacting 75 Pa.C.S. § 4306. Here, the police officer's issuance of a traffic citation was not inappropriate considering that appellant repeatedly flashed his high beams in the dubious effort to draw the attention of passing motorists to the presence of a police radar unit. In fact, the police officer displayed eminent leniency by only issuing appellant a traffic citation when he should have been charged with the more serious offense of obstructing governmental operations. *See* 18 Pa.C.S. § 5101. Because I believe that section 4306 applies to the conduct evidenced by appellant in this matter, I respectfully dissent.