887 A.2d 834 (2005)
Roy P. KEIM, Jr.
v.
COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Bureau of Driver Licensing, Appellant.
Commonwealth Court of Pennsylvania.
Argued September 13, 2005.
Decided December 7, 2005.
*835 Terrance M. Edwards, Asst. Counsel, Harrisburg, for appellant.
Michael C. Boland, Reading, for appellee.
BEFORE: SMITH-RIBNER, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.
OPINION BY Judge SMITH-RIBNER.
In this case of first impression, the Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Lehigh County that sustained the statutory appeal of Roy P. Keim from DOT's order suspending Keim's operating privilege for six months following notification that he pleaded guilty to the offense of manufacturing a controlled substance. DOT questions whether the trial court erred as a matter of law in ruling that DOT could not suspend Keim's operating privilege because that offense is not one of the offenses "involving" controlled substances that is specifically mentioned in Section 1532(c) of the Vehicle Code, as amended, 75 Pa.C.S. § 1532(c).[1]
As indicated in the trial court's opinion, Keim pleaded guilty on February 17, 2004 to one count of violating Section 13(a)(30) of The Controlled Substance, Device and Cosmetic Act (Drug Act), Act of April 14, 1972, P.L. 233, as amended, 35 P.S. § 780-113(a)(30), admitting that he did "knowingly and intentionally manufacture a controlled substance," namely, marijuana, in violation of the act.[2] Trial court opinion at p. 2 (quoting the criminal proceedings filed against Keim, see Certified Record, Appellant's Exhibit 1). Other charges in the original criminal information were not pursued, including possession with intent to deliver a controlled substance also under Section 13(a)(30), possession of a controlled substance under Section 13(a)(16), 35 P.S. § 780-113(a)(16), and possession of drug paraphernalia under Section 13(a)(32), 35 P.S. § 780-113(a)(32). Keim was sentenced only on the manufacturing charge. Supplemental Certified Record, Appellant's Exhibit 1; Certified Record, Appellant's Exhibit 2.
The trial court notified DOT of the conviction, and DOT informed Keim that it *836 was suspending his operating privilege for six months pursuant to Section 1532(c) of the Vehicle Code. Section 1532(c) provides:
Suspension.The department shall suspend the operating privilege of any person upon receiving a certified record of the person's conviction of any offense involving the possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under the laws of the United States, this Commonwealth or any other state, or any person 21 years of age or younger upon receiving a certified record of the person's conviction or adjudication of delinquency under 18 Pa.C.S. § 2706 (relating to terroristic threats) committed on any school property, including any public school grounds, during any school-sponsored activity or on any conveyance providing transportation to a school entity or school-sponsored activity.
(1) The period of suspension shall be as follows:
(i) For a first offense, a period of six months from the date of the suspension.
(ii) For a second offense, a period of one year from the date of the suspension.
(iii) For a third and any subsequent offense thereafter, a period of two years from the date of the suspension. (Emphasis added.)
Keim filed a timely statutory appeal, and the trial court conducted a de novo hearing. No testimony was presented, but DOT introduced as Exhibit C-1 documents that included the notice to DOT of Keim's conviction, a certified copy of Keim's driving history and the notice of suspension. Keim introduced the criminal information and the sentencing sheet. The trial court heard oral argument and received briefs on the matter. The trial court accepted Keim's argument that his conviction for "manufacture" of a controlled substance was not within any of the offenses enumerated in Section 1532(c) of the Vehicle Code as a basis for a suspension and that DOT had exceeded its authority by imposing the suspension. This Court's review of the trial court's order sustaining the appeal is limited to determining whether its findings are supported by competent evidence and whether it committed an error of law or abused its discretion. Dunn v. Department of Transportation, Bureau of Driver Licensing, 819 A.2d 189 (Pa.Cmwlth.2003).
At issue in this appeal is whether the phrase "any offense involving the possession... of any controlled substance under the laws of the United States, this Commonwealth or any other state" in Section 1532(c) of the Vehicle Code encompasses Keim's conviction for "manufacture" of a controlled substance. DOT refers to Barasch v. Pennsylvania Public Utility Commission, 516 Pa. 142, 532 A.2d 325 (1987), aff'd sub nom., Duquesne Light Co. v. Barasch, 488 U.S. 299, 109 S.Ct. 609, 102 L.Ed.2d 646 (1989), for the propositions that the object of all interpretation and construction of statutes is to ascertain the intention of the legislature as expressed in the words employed and that it is only when the words are not explicit that the intention may be ascertained by other means of statutory interpretation or construction. DOT submits that the legislature's use of the phrase "any offense involving" creates an ambiguity as to the scope of Section 1532(c) because if the legislature had simply said "any offense of" followed by the six enumerated offenses (possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance), the six would be considered to be exclusive. By using the term "involving," DOT argues, the legislature intended that the six offenses listed *837 were not exclusive but rather were indicative of the type of offense for which DOT is required to impose a license suspension.
DOT acknowledges that it has been held that "possession" and "manufacture" are separate offenses that do not merge for sentencing purposes. Commonwealth v. Everett, 290 Pa.Super. 344, 434 A.2d 785 (1981). In Everett a raid on an apartment netted 112 pounds of marijuana, paraphernalia associated with manufacture or distribution and substantial cash. The court held that charges of possession under Section 13(a)(16) of the Drug Act and possession with intent to deliver under Section 13(a)(30) merged but that the charge of manufacture was not based solely on seizure of a large quantity but also on seizure of paraphernalia for manufacture and distribution and did not merge. Nevertheless, DOT argues that although criminal penal statutes are to be strictly construed pursuant to Section 1928(b)(1) of the Statutory Construction Act of 1972 (Statutory Construction Act), 1 Pa.C.S. § 1928(b)(1), remedial statutes such as Section 1532(c) of the Vehicle Code are to be liberally construed under Section 1928(c), 1 Pa.C.S. § 1928(c).[3]
In Plowman v. Department of Transportation, Bureau of Driver Licensing, 535 Pa. 314, 635 A.2d 124 (1993), the Pennsylvania Supreme Court addressed the public policy goals behind the predecessor to Section 1532(c) of the Vehicle Code, see n3, in rejecting a constitutional challenge to the suspension of a driver's license in connection with a conviction of an offense under the Drug Act. There the licensee was convicted of possessing a small amount of marijuana in her home in violation of Section 13(a)(31) of the Drug Act, 35 P.S. § 780-113(a)(31). The Supreme Court held that under the applicable rational basis analysis, the prospect of losing one's driver's license might deter an initial offense but that such suspension was not criminal punishment. Also in Brosius v. Department of Transportation, Bureau of Driver Licensing, 664 A.2d 199, 201 (Pa.Cmwlth.1995), this Court stated that the predecessor to Section 1532(c) serves "a broader goal of general deterrence."
DOT argues that in interpreting the phrase "any offense involving," the Court should be guided by the principle of Section 1922(1) of the Statutory Construction Act, 1 Pa.C.S. § 1922(1), which provides that it is to be presumed "[t]hat the General Assembly did not intend a result that is absurd, impossible of execution or unreasonable." Citing Section 1922(1), the Supreme Court stated in Commonwealth v. Beachey, 556 Pa. 345, 348, 728 A.2d 912, 913 (1999): "In interpreting statutes, it is *838 axiomatic that the legislature does not intend an absurd or unreasonable result." DOT emphasizes that while Section 13(a)(31) of the Drug Act prohibits possession of a small amount of marijuana for personal use, possession of a small amount with intent to distribute but not to sell and distribution of a small amount but not for sale and would result in a suspension, the trial court's interpretation of Section 1532(c) leads to the absurd result that conviction of significantly more illegal activity involved in the manufacture of marijuana would not result in a suspension.
DOT points out that its standard form for reporting certain violations of the Drug Act includes a box for a conviction under Section 31(a)(30), which relates to manufacture, see n2. As the agency responsible for enforcing the Vehicle Code, DOT claims a right to some deference. See Martin Media v. Department of Transportation, 700 A.2d 563, 566 (Pa.Cmwlth.1997) ("The agency's interpretation of its statute may not be disregarded by this Court unless it is clearly erroneous or is inconsistent with the intent or purpose of the statute."). DOT maintains that because Section 1532(c) is civil remedial legislation to be liberally construed, the intent of the legislature would be thwarted if Section 1532(c) were interpreted not to provide for a license suspension for conviction of manufacturing a controlled substance.
Keim in response quotes from the full text of Section 1532(c) of the Vehicle Code, including paragraph 2, which provides: "For the purposes of this subsection, the term `conviction' shall include any conviction or adjudication of delinquency for any of the offenses listed in paragraph (1), whether in this Commonwealth or any other Federal or state court." (Emphasis added.)[4] In Scheipe v. Orlando, 559 Pa. 112, 117, 739 A.2d 475, 478 (1999), the Supreme Court quoted Section 1921(b) of the Statutory Construction Act, 1 Pa.C.S. § 1921(b): "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Keim disagrees that the meaning of Section 1532(c) would be any different if the provision referred to conviction of "any offense of [enumerated offenses]" rather than "any offense involving [enumerated offenses] (emphasis added)." DOT noted that it does not impose license suspensions for conviction of offenses under the Drug Act relating only to paraphernalia because these do not involve possession, sale, delivery, offering for sale, holding for sale or giving away of any drugs. Keim, however, finds the assertion unpersuasive, and he insists that Section 1532(c) is not ambiguous and that it must be read to authorize license suspension for conviction of the enumerated offenses and no others.
Keim argues that Section 1532(c) is penal rather than remedial, see n3. In addition, he seeks to apply the decision in Department of Transportation v. Taylor, 576 Pa. 622, 841 A.2d 108 (2004), to this case. In Taylor a criminal defendant in a vehicular homicide case sought a subpoena for in-depth accident investigations, safety studies, records and reports used in their preparation relating to the highway where the accident occurred, although such investigations, studies, records and reports were expressly made confidential by a statute that provided that those items "shall not be discoverable nor admissible *839 as evidence in any legal action or other proceeding...." 75 Pa.C.S. § 3754(b), as amended. DOT argued and the Supreme Court concluded that the plain language of the statute was not ambiguous and did not need the application of further rules of construction. Keim responds to the assertion that manufacture of a controlled substance necessarily implies possession by stating, without citation, that courts have defined possession as "conscious dominion and control." He notes that the definition of manufacture in Section 2 of the Drug Act does not use the word "possession," and he posits that it does not imply the concept of possession.
In the Court's view, application of the proper principles of statutory construction results in an endorsement of DOT's interpretation. First, the Court agrees that use of the phrase "any offense involving" enumerated offenses in Section 1532(c) of the Vehicle Code conveys a different meaning than the phrase "any offense of" such offenses, the latter of which would be held to be exclusive. The statute does not unambiguously provide what Keim contends, and therefore the principle stated in Taylor of adherence to the plain language does not apply. Moreover, the Court is persuaded that Section 1532(c) is not a penal provision to be strictly construed but rather a remedial one. Plowman.
Construing the statute liberally to effect its remedial goals, the Court concludes that the phrase "any offense involving possession... of any controlled substance" encompasses a conviction for manufacture of a controlled substance under Section 13(a)(30) of the Drug Act. Although it is certainly true that a person may possess a controlled substance without having manufactured it, it is equally true that a person may not manufacture a controlled substance without possessing it. For purposes of Section 1532(c) of the Vehicle Code, a conviction for manufacture of a controlled substance is a conviction of an "offense involving possession" of a controlled substance. The Court agrees with DOT that the result would be absurd and unreasonable and therefore not in accordance with the intent of the legislature, see Beachey, if conviction of the offense of manufacture of a controlled substance were deemed to be outside the scope of "any offense involving possession ... of any controlled substance" in Section 1532(c).
In Plowman the Supreme Court endorsed the application of a civil driver's license suspension for a conviction of possession of a small amount of marijuana for the driver's personal use in her home in part because it might be a more effective deterrent than the criminal penalties for a minor first offense. Based on its review, the Court concludes that the legislature did not intend in Section 1532(c) of the Vehicle Code for a person found guilty of manufacture of a controlled substance, such as Keim, to be subject to any less of a sanction than the driver in Plowman. Accordingly, the order of the trial court is reversed, and the suspension of Keim's operating privilege is reinstated.

ORDER
AND NOW, this 7th day of December, 2005, the order of the Court of Common Pleas of Lehigh County is reversed.
DISSENTING OPINION BY Senior Judge KELLEY.
I respectfully dissent.
When the words of a statute are clear and free from ambiguity, the interpretation is relatively simple; in such circumstances, "the letter of it is not to be disregarded under the pretext of pursuing its spirit." Section 1921(b) of the Statutory Construction Act, 1 Pa.C.S. § 1921(b). When, however, the words of a statute are *840 not explicit, legislative intent may be ascertained by considering, inter alia, the occasion and necessity of the statute, the circumstances in which it was enacted, the mischief to be remedied, and the object to be attained by the legislation. Section 1921(c) of the Statutory Construction Act, 1 Pa.C.S. § 1921(c). The primary object of all statutory interpretation, of course, "is to ascertain and effectuate the intention of the General Assembly." Section 1921(a) of the Statutory Construction Act, 1 Pa.C.S. § 1921(a).
Here, Section 1532(c) is clear and free from ambiguity and easily understood by its express terms. Section 1532(c) expressly lists six types of Drug Act offenses warranting the suspension of a licensee's operating privilege  the "possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance." 75 Pa.C.S. § 1532(c). Subsection (2) reiterates "[f]or the purposes of this subsection, the term "conviction" shall include any conviction or adjudication of delinquency for any of the offenses listed." 75 Pa.C.S. § 1532(c)(2) (emphasis added). The manufacture of a controlled substance, however, is not listed as an offense warranting suspension.
The maxim, inclusio unius est exclusio alterius, is clearly applicable to the present circumstances. This doctrine decrees that where law expressly describes a particular situation to which it shall apply, an irrefutable inference must be drawn that what is omitted or excluded was intended to be omitted or excluded. Black's Law Dictionary 763 (6th ed.1990).
In the Drug Act, the General Assembly expressly prohibits the "manufacture" of a controlled substance as well as the "sale or delivery, holding, offering for sale, or possession of any controlled substance." Section 13(a)(1) of the Drug Act, 35 P.S. § 780-113(a)(1). Yet in the Vehicle Code, the General Assembly, while including the "possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance" as offenses warranting the suspension of operating privilege, excluded the manufacture of a controlled substance from the list. The General Assembly, by expressly including the manufacture of a controlled substance in the list of prohibited offenses in the Drug Act, but excluding it from the list of offenses warranting suspension under Vehicle Code, has implicitly indicated to the courts that the offense of manufacturing was intended to be excluded.
The conclusion reached by the majority that "possession" encompasses manufacture is overreaching. If possession could be interpreted so broadly, then the word possession would obviate the need for the other offenses listed because possession, as interpreted by the majority, would arguably include the sale, delivery, offering for sale, holding for sale, or giving away of any controlled substance. The majority's interpretation would render the inclusion of these other offenses redundant.
As the statute is easily understood by its express terms, DOT should not be permitted to go beyond the express words of the statute to determine legislative intent. While "the manufacture of a controlled substance" would be a logical addition to the list of offenses for which a licensee's operating privilege may be suspended, such expansion is a matter for the General Assembly, not this Court. For these reasons, I believe that the trial court did not err or abuse its discretion in determining that DOT lacked statutory authority to suspend Keim's operating privilege since he was not convicted of any of the offenses enumerated in Section 1532(c) and would affirm.
NOTES
[1] This case was reassigned to this author on October 18, 2005.
[2] Section 13(a) enumerates prohibited acts relating to controlled substances including:

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.
Section 2 of the Drug Act, 35 P.S. § 780-102, provides in part that "manufacture" means "the production, preparation, propagation, compounding, conversion or processing of a controlled substance...."
[3] On this particular point Keim responds by arguing that Section 1532(c) of the Vehicle Code is in fact "penal" in nature. He quotes Black's Law Dictionary 1020 (5th ed.1979) regarding "penal laws": "Statutes imposing a penalty, fine, or punishment for certain offenses of a public nature or wrongs committed against the state." Keim overlooks the preceding sentence in the definition: "Term, in general, refers to state and federal statutes that define criminal offenses and specify corresponding fines and punishment." Id.

Keim acknowledges that in Plowman the Supreme Court held that former Section 13(m) of the Drug Act, formerly 35 P.S. § 780-113(m), repealed by Section 7 of the Act of June 23, 1993, P.L. 137 (and added with slight modification as Section 1532(c) of the Vehicle Code by Section 8 of the same Act), did not impose a criminal penalty. Rather, it was a civil consequence of a criminal violation. See also Commonwealth v. Duffey, 536 Pa. 436, 639 A.2d 1174 (1994) (holding that loss of driver's license due to conviction of an underage drinking offense, even though ordered by the judge and pursuant to Section 6310.4 of the Crimes Code, 18 Pa.C.S. § 6310.4, was a collateral civil consequence rather than a criminal penalty). Case law does not support Keim's theory that Section 1532(c) is a civil penal statute.
[4] As Keim points out, the Court has previously noted that paragraph (2) refers to offenses listed in paragraph (1), but in fact paragraph (1) does not list offenses but rather specifies periods of suspension. The Court concluded that the intent was to refer to the offenses listed in the introductory portion of subsection (c). Klinger v. Department of Transportation, Bureau of Driver Licensing, 856 A.2d 280, 283 n6 (Pa.Cmwlth.2004).