**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant**

v.

**Adam COYLE.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 20, 2009.

Decided April 16, 2009.

Terrance M. Edwards, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Kurt T. Lynott, Dunmore, for appellee.

BEFORE: PELLEGRINI and SIMPSON, Judges, and McCLOSKEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Lackawanna County (trial court) reversing its six-month suspension of the driving privileges of Adam Coyle (Licensee) because his conviction for manufacturing marijuana did not fall under the violations listed in 75 Pa.C.S. § 1532(c) requiring suspension of driving privileges. For the reasons that follow, we reverse.

The facts of this case are not in dispute. Licensee was convicted of violating Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act)[1] relating to the illegal manufacture, delivery or possession with intent to manufacture or deliver a controlled substance, in this case, growing marijuana. When the Department was notified of the conviction, it sent Licensee a notice that his operating privilege was being suspended for six months effective July 25, 2008, in accordance with 75 Pa.C.S. § 1532(c) as a consequence of his conviction on February 26, 2008. 75 Pa.C.S. § 1532(c) provides the following:

(c) **Suspension.** The department shall suspend the operating privilege of any person upon receiving a certified record of the person's conviction of any offense involving the possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under the laws of the United States, this Commonwealth or any other state.

■ Licensee filed a timely appeal with the trial court and a *de novo* hearing was held. Counsel for Licensee argued that the list of offenses under 75 Pa.C.S. § 1532(c) did not include manufacturing of a controlled substance while counsel for the Department argued that in order to have been convicted of manufacturing marijuana, Licensee would have had to possess the marijuana to manufacture it, and possession was a listed offense under 75 Pa.C.S. § 1532(c) of the Vehicle Code. The

trial court agreed with Licensee's reasoning that "virtually all other aspects of one's association with marijuana is covered by the Vehicle Code and listed in 75 P.S. 1532(c) [sic]. However, no where is the word manufacture used or referred to in that Section and accordingly, the Court believed that the conduct of the Petitioner in this case did not warrant suspension of his driving privileges for six (6) months and sustain the appeal." (Trial court's December 16, 2008 decision at 3–4.) This appeal by the Department followed.[2]

■ The Department contends that the trial court erred by reversing its imposition of the six-month suspension because even though the Vehicle Code does not specifically provide for a suspension if a person is convicted of manufacturing marijuana, this Court has previously held that a conviction for violating 35 P.S. § 780–113(a)(30) of the Drug Act by growing marijuana is a violation for which the Department must impose a suspension under 75 Pa.C.S. § 1532(c). It directs our attention to this Court's decision in *Keim v. Department of Transportation, Bureau of Driver Licensing*, 887 A.2d 834 (Pa. Cmwlth.2005), a case with identical facts, and states that case stands for the proposition that a conviction for violating 35 P.S. § 780–113(a)(30) by manufacturing marijuana is a Drug Act violation for which the Department may impose a suspension under 75 Pa.C.S. § 1532(c).

In *Keim,* the licensee's operating privilege was suspended for six months after he

---

**1.** Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. § 780–113(a)(30). Section 13(a)(30) of the Drug Act provides that the following acts are prohibited within the Commonwealth, except as authorized by this Act:

Manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State

board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

**2.** Our scope of review of the trial court's order is limited to whether it committed an error of law or abused its discretion. *Dunn v. Department of Transportation, Bureau of Driver Licensing,* 819 A.2d 189 (Pa.Cmwlth.2003).

pled guilty to manufacturing marijuana under Section 13(a)(30) of the Drug Act. The trial court agreed with the licensee's argument that his conviction for manufacturing a controlled substance was not an offense enumerated in Section 1532(c) of the Vehicle Code and could not be a basis for suspension. On appeal to this court, the Department argued that the phrase "any offense involving the possession ... of any controlled substance ...." in Section 1532(c) of the Vehicle Code encompassed the licensee's conviction for "manufacturing" marijuana. The Department cited *Barasch v. Pennsylvania Public Utility Commission*, 516 Pa. 142, 532 A.2d 325 (1987), *aff'd sub nom., Duquesne Light Co. v. Barasch*, 488 U.S. 299, 109 S.Ct. 609, 102 L.Ed.2d 646 (1989):

> For the propositions that the object of all interpretation and construction of statutes is to ascertain the intention of the legislature as expressed in the words employed and that it is only when the words are not explicit that the intention may be ascertained by other means of statutory interpretation or construction. [The Department] submits that the legislature's use of the phrase "any offense involving" creates an ambiguity as to the scope of Section 1532(c) because if the legislature had simply said "any offense *of*" followed by the six enumerated offenses (possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance), the six would be considered to be exclusive. By using the term "involving," [the Department] argues, the legislature intended that the six offenses listed were not

exclusive but rather were indicative of the type of offense for which [the Department] is required to impose a license suspension.

The Department further argued that it should be presumed that the General Assembly did not intend a result that was absurd, impossible of execution or unreasonable.[3] In a case of first impression, we adopted the Department's interpretation of the Vehicle Code stating that "[a]lthough it is certainly true that a person may possess a controlled substance without having manufactured it, it is equally true that a person may not manufacture a controlled substance without possessing it. For purposes of Section 1532(c) of the Vehicle Code, a conviction for manufacture of a controlled substance is a conviction of an 'offense involving possession' of a controlled substance. The court agrees with [the Department] that the result would be absurd and unreasonable and therefore not in accordance with the intent of the legislature ... if conviction of the offense of manufacture of a controlled substance were deemed to be outside the scope of 'any offense involving possession ... of any controlled substance' in Section 1532(c)." *Id.*, 887 A.2d at 839.

Although Licensee attempts to make this into a case of statutory interpretation just as the dissent did in *Keim* by arguing that the General Assembly failed to include the word "manufacture" in 75 Pa. C.S. § 1532, and it could have easily included that word in the statute just as it had under the Drug Act, Licensee concedes in his brief that one cannot manufac-

---

**3.** The Department pointed out that:

"[W]hile Section 13(a)(31) of the Drug Act prohibits possession of a small amount of marijuana for personal use, possession of a small amount with intent to distribute but not to sell and distribution of a small amount but not for sale and would result in

a suspension, the trial court's interpretation of Section 1532(c) leads to the absurd result that conviction of significantly more illegal activity involved in the manufacture of marijuana would not result in a suspension." *Keim*, 887 A.2d at 838.

ture without possessing. Because this issue has been squarely decided by *Keim* the trial court erred by reversing the Department's imposition of Licensee's six-month suspension.

Accordingly, the decision of the trial court is reversed, and the six-month suspension of Licensee's driving privilege is to be reinstated by the Department.

### ORDER

AND NOW, this 16th day of April, 2009, the order of the Court of Common Pleas of Lackawanna County, dated September 24, 2008, is reversed. The six-month suspension of Adam Coyle's driving privilege is to be reinstated by the Department of Transportation.