J-A11028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                   :           PENNSYLVANIA
                   :
           v.            :
                   :
                   :
SELVER HASANHODZIC          :
                   :
          Appellant    :   No. 1684 MDA 2017

Appeal from the Judgment of Sentence October 11, 2017
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0002272-2016

BEFORE:   STABILE, J., NICHOLS, J., and PLATT, J.[*]

MEMORANDUM BY NICHOLS, J.:            **FILED JULY 20, 2018**

Appellant Selver Hasanhodzic appeals from the judgment of sentence following his conviction for driving under the influence of alcohol (DUI)-general impairment.[1]  Appellant claims that the trial court erred in denying his pre-trial motion to suppress.  We affirm.

We state the relevant facts from the suppression hearing as follows.  On October 7, 2016, at approximately 5:10 a.m., Pennsylvania State Troopers Cory Blowers and Lucas J. Hull were traveling northbound when they observed an oncoming vehicle, traveling southbound.  As the vehicle approached the troopers' vehicle, the driver, later identified as Appellant, activated the high-

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1).

beam headlights for approximately one second.[2]  Based on that observation, the troopers initiated a traffic stop for a violation of 75 Pa.C.S. § 4306, which requires motorists to use low beam headlights when approaching an oncoming vehicle within 500 feet.

Appellant was subsequently arrested and charged with two counts of DUI, one count of careless driving, and one count of failure to use low beam lights.[3]  On February 2, 2017, Appellant filed an omnibus pre-trial motion to suppress claiming that the troopers lacked probable cause to believe that he violated section 4306.  Specifically, Appellant asserted that he flashed his high beams at the troopers because he believed the troopers' had their high beams activated and that such conduct was permissible under section 4306.  The trial court denied Appellant's motion after a hearing on April 17, 2017.

Following a stipulated bench trial on August 18, 2017, the court found Appellant guilty of DUI–general impairment (second offense).  **See** Trial Ct.

---

[2] At the suppression hearing, Trooper Hull initially stated that Appellant flashed his high beams twice and that Appellant's high beams remained on when he passed the police vehicle.  N.T., 4/17/17, at 18.  However, after viewing the motor vehicle recording (MVR), the trooper clarified that Appellant did not leave his high beams on, but instead flashed his high beams at them once.  **Id.** at 19-20.  The trial court, which also reviewed the MVR, found that Appellant flashed his high beams at the troopers' vehicle one time.  Trial Ct. Op., 10/16/17, at 23.

[3] 75 Pa.C.S. §§ 3802(a)(1), 3802(b), 3714(a), and 4306(a).

Order, 8/18/17. On October 11, 2017, the trial court sentenced Appellant to five days to six months of incarceration.

Appellant filed a timely notice of appeal on October 27, 2017. That same date, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days of the order. On November 30, 2017, Appellant filed an untimely Rule 1925(b) statement.[4]

The trial court filed a Rule 1925(a) opinion addressing Appellant's issues on December 12, 2017. The trial court opined:

> The troopers observed [Appellant] utilize his high[]beams while approaching their cruiser, and within 500 feet thereof. Trooper Hull credibly testified that he was not operating his cruiser with the high[]beam lights activated at that time. Finally, there were no road hazards or emergency situations in the roadway which would, within the knowledge/perception of the troopers at the time in question, move the observed violation into the realm of exception set forth in 75 Pa.C.S. § 4306(b)(2).
>
> The thrust of [Appellant's] argument is founded in the idea that he was flashing his high[]beams because the troopers were traveling with their high[]beams activated towards him, or he perceived them to be. If this appeal was a challenge to a conviction for violation 75 Pa.C.S. § 4306, his argument would fall to the weight this court assigned to [Appellant's] testimony. It is not, however, relevant to the question of what was within the knowledge of the troopers at the point they decided to stop [Appellant's] vehicle, based upon their observations and in consideration of their experience and training.

---

[4] The late filing of a Rule 1925(b) statement constitutes *per se* ineffectiveness of counsel and does not result in waiver. **See** Pa.R.A.P. 1925(c)(3); **Commonwealth v. Burton**, 973 A.2d 428 (Pa. Super. 2009). Because the trial court has filed an opinion addressing the issues in Appellant's untimely 1925(b) statement, we will consider the merits of the issues presented on appeal. **See Burton**, 973 A.2d at 433.

Trial Ct. Op., 12/12/17, at 9-10.

Appellant raises the following questions on appeal:

1. Did the [trial] [c]ourt err in denying [Appellant's] [o]mnibus [m]otion where members of the Pennsylvania State Police stopped [Appellant's] vehicle simply because, and only because, [Appellant] flashed his high beam lights at the oncoming Pennsylvania State Police cruiser for approximately one second, where [Appellant] had reason to believe that the Pennsylvania State Police vehicle was driving with continuous high beams on and which was, in fact, blinding [Appellant]; and where [Appellant]'s actions were solely for the purposes of warning the oncoming vehicle that the driver's behavior was causing a dangerous condition?

2. Was the fact that the State Police Troopers may have been unaware of the purpose of [Appellant]'s actions relevant and sufficient where [Appellant] was compliant with 75 Pa.C.S. § 4306?

Appellant's Brief at 7. Appellant's two issues are related, and we address them jointly.

Appellant contends that the trial court erred in denying his suppression motion because the troopers did not have probable cause to stop his vehicle. *Id.* at 10. Specifically, he argues that the troopers had no reason to believe that he violated Section 4306(a) when he "merely flashed his high beams at the police officers for approximately one second." *Id.* In support, Appellant claims that Section 4306 contains an exception that was applicable to his conduct. *Id.* at 13-15 (citing 75 Pa.C.S. § 4306(c)). Appellant suggests that the trial court focused too heavily on the perceptions of the troopers and the facts within their knowledge at the time of the stop. *Id.* at 14-15. Appellant argues that section 4306 instead required the troopers to consider why

- 4 -

Appellant was flashing his lights at them, namely, Appellant's belief that the troopers' high beams were activated. *Id.* at 15.

Additionally, Appellant suggests:

> To find to the contrary of the above would lead to absurd results, and would allow [the police] to simply stop any vehicle that flashes its lights within 500 feet of any vehicle, simply because it occurred, as long as the Trooper himself is not aware of an emergency or other dangerous or hazardous condition ahead. This would include situations that occur on a daily basis, including altruistic acts such as flashing the headlights to allow someone to proceed before another at a stop sign or to enter the roadway from a business driveway. The entire purpose of the exception to 75 [Pa.C.S. §] 4306 would be voided by the lower court's ruling.

*Id.* at 16-17.

It is well settled that our standard of review from an order denying a suppression motion is

> limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

Moreover, appellate courts are limited to reviewing only the evidence presented at the suppression hearing when examining a ruling on a pre-trial motion to suppress.

***Commonwealth v. Ranson***, 103 A.3d 73, 76 (Pa. Super. 2014) (citations and quotations omitted).

Section 4306 of the Motor Vehicle Code provides, in pertinent part:

> **(a) Approaching an oncoming vehicle—**Whenever the driver of a vehicle approaches an oncoming vehicle within 500 feet, the driver **shall use the low beam of light**.
>
> ***
>
> **(c) Exception—**
>
> ***
>
> (2) Nothing in this section shall limit drivers **from flashing high beams** at oncoming vehicles as a warning of roadway emergencies or other dangerous or hazardous conditions ahead.

75 Pa.C.S. § 4306(a), (c)(2) (emphases added).

By way of a brief background to section 4306, the Pennsylvania Supreme Court has held that a driver did not violate section 4306, when, during the daytime, the driver flashed his high beams to "warn other drivers of the presence of police that were enforcing the speed limit." ***Commonwealth v. Beachey***, 728 A.2d 912, 912-13 (Pa. 1999) (reversing the driver's conviction for violating section 4306 and reasoning that when read *in pari materia* with the rule that headlamps are required at night or in unfavorable conditions, section 4306 did not apply to daytime uses of high beams). The ***Beachey*** Court emphasized that the policy underlying section

4306 was "to reduce the obvious safety hazard that exists when a driver suffers momentary blindness upon being subjected even very briefly to the intense brightness of high beam lamps." **Id.** at 913.

In **Commonwealth v. Bush**, 166 A.3d 1278 (Pa. Super. 2017), the defendant was convicted of various offenses after a state trooper stopped him for a violation of section 4306. **Bush**, 166 A.3d at 1280. On appeal, the defendant asserted that he was not required to dim his lights because a guardrail and concrete barrier separated his vehicle from the trooper's vehicle. **Id.** at 1284. The **Bush** Court rejected that argument noting, in part, that the plain language of section 4306(a) gives rise to a traffic violation "whenever the driver approaches an oncoming vehicle within 500 feet and does not use the vehicle's low beam lights."[5] **Id.**

This Court has held that probable cause is required for a traffic stop based on a violation of Section 4306(a).[6] **Id.** at 1282. Our Supreme Court has defined probable cause as follows:

_____

[5] We note, however, that the **Bush** Court did not address the statutory exception upon which Appellant currently relies. **See Bush**, 166 A.3d at 1283 n.2.

[6] The Vehicle Code provides that "[w]henever a police officer . . . has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle." 75 Pa.C.S. § 6308(b). However, the reasonable suspicion standard applies only to stops that serve an investigatory purpose. **Commonwealth v. Feczko**, 10 A.3d 1285, 1290 (Pa. Super. 2010). When the suspected violation of the Vehicle Code does not require investigation, probable cause is required. **Id.** ((quoting **Commonwealth v. Chase**, 960

Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the stop, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime. The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require only a **probability**, and not a **prima facie** showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

***Commonwealth v. Martin***, 101 A.3d 706, 721 (Pa. 2014) (citation omitted).

We further note that

[p]robable cause does not require certainty, but rather exists when criminality is one reasonable inference, not necessarily even the most likely inference. . . . [W]hile an actual violation of the [Vehicle Code] need not ultimately be established to validate a vehicle stop, a police officer must have a reasonable and articulable belief that a vehicle or driver is in violation of the [Vehicle Code] in order to lawfully stop the vehicle.

***Commonwealth v. Spieler***, 887 A.2d 1271, 1275 (Pa. Super. 2005) (citations and quotation marks omitted).

In the instant case, Trooper Hull testified that Appellant flashed his high beams while approaching the troopers' vehicle. ***See*** N.T., 4/17/17 at 18. He further testified that based on his knowledge and experience, he estimated that Appellant's vehicle was within 500 feet of the troopers' vehicle at the time the high beams were used. ***Id.*** Based on those observations, Trooper Hull

_____

A.2d 108, 115–16 (Pa. 2008) ("[A] vehicle stop based solely on offenses not investigable cannot be justified by a mere reasonable suspicion. . . . An officer must have probable cause to make a constitutional vehicle stop for such offenses")).

concluded that Appellant was in violation of section 4306, and he executed a traffic stop on that basis. *Id*.

Thus, our review reveals that Trooper Hull articulated specific facts that provided probable cause to believe Appellant violated section 4306 of the Motor Vehicle Code and which justified the traffic stop. *See Martin*, 101 A.3d at 721. We also note that although an actual violation of the Motor Vehicle Code need not be ultimately established to constitute probable cause, Trooper Hull confirmed that there were no observable hazards at the time of the stop that justified Appellant's use of his high beams. Additionally, the trooper confirmed that his headlights, while bright, were on the low setting when Appellant flashed his high beams. Thus, Appellant's specific argument—*i.e.*, that he was justified in "flashing" his high beams at the troopers' vehicle under a mistaken belief that the troopers were using their high beams—merits no relief. *See Spieler*, 887 A.2d 1275.

For all of the aforementioned reasons, we agree with the trial court's conclusion that based on Trooper Hull's observations at the time of the stop, probable cause existed to justify the traffic stop of Appellant's vehicle. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>07/20/2018</u>