### Christine M. CONCHADO

v.

### COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Bureau of Driver Licensing, Appellant.

Commonwealth Court of Pennsylvania.

Argued Oct. 29, 2007.

Decided Feb. 5, 2008.

---

Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Marc Robert Steinberg, Lansdale, for appellee.

BEFORE: LEADBETTER, President Judge, and McGINLEY, Judge, and FLAHERTY, Senior Judge.

OPINION BY President Judge
LEADBETTER.

Appellant Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the order entered by the Court of Common Pleas of Montgomery County (trial court) sustaining Appellee Christine M. Conchado's Petition for Appeal. DOT contends the trial court erred in rescinding the suspension of Conchado's driver's license. We must determine whether a conviction for criminal conspiracy triggers a mandatory license suspension under 75 Pa.C.S. § 1532(c). The trial court held that it does not. For the following reasons, we reverse.

DOT received a certified conviction from the Montgomery County Clerk of Courts stating that on July 10, 2006, Conchado had been convicted for a violation of Section 13(a)(30) of the Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), Act of April 14, 1972, P.L. 1048, *as amended,* 35 P.S. 780–113(a)(30). DOT then informed Conchado by mail that her driver's license would be suspended for six months as provided by Section 1532(c). Conchado filed a timely statutory appeal.

A *de novo* hearing took place before the trial court. At that hearing, DOT offered into evidence the certified conviction. The trial court also took judicial notice, *sua sponte,* of an uncertified photocopy of what was represented by Conchado's counsel to be the sentencing sheet from July 10, 2006. Based on this document, the trial court found that Conchado's charge had been amended to Criminal Conspiracy to Possession with Intent to Deliver. *See* 18 Pa.C.S. § 903. The court concluded that the certified conviction stated erroneous information. After finding that criminal conspiracy was not a crime for which DOT could suspend a driver's license, the trial court granted Conchado's appeal.

■ On appeal, DOT first argues that the trial court improperly took judicial notice of the purported sentencing sheet. We agree. The trial court erred in taking judicial notice of information contained in an uncertified, unauthenticated photocopy of a disputed document. While a court in appropriate circumstances may take judicial notice of court records, this does not include unauthenticated photocopies which look like court records but are not stipulated to be genuine and accurate.

DOT also argues that, even if Conchado's guilty plea was to conspiracy to possess rather than possession of drugs, suspension was mandated. In its Pa. R.A.P. 1925(a) opinion, the trial court did not address this argument, but opined that by not presenting it at the hearing, DOT waived the argument that the criminal conspiracy conviction falls under Section 1532(c). The court noted that at the hearing, DOT argued that a plea agreement that reduced the charge and led to the imposition of a preadjudication program might still trigger a license suspension under Section 1532(c). The trial court found the case at bar to be a different situation because there was a completely different charge, and that charge was not one that triggered a license suspension. Considering the issue waived, the trial court chose not to discuss it further in its Pa. R.A.P. 1925(a) opinion.

■ In analyzing the contention that DOT waived its argument that criminal conspiracy falls under Section 1532(c), we first note the extremely brief nature of the hearing. At the trial, the court took judicial notice of Conchado's sentencing sheet, found DOT's evidence to be erroneous, held that criminal conspiracy does not trigger a license suspension and granted the appeal before counsel for DOT had a chance to make any objection or argument. *See* R.R. at 14a–15a. Turning to the legal

analysis, the trial court relies on *Stein v. Dep't. of Transp., Bureau of Driver Licensing*, 857 A.2d 719 (Pa.Cmwlth.2004), and *George v. Ellis*, 911 A.2d 121 (Pa.Super.2006), to support its holding that DOT had waived an argument by failing to clearly state and support it at the hearing. However, *Stein* and *George* both dealt with parties who failed to include or support an argument in their brief at the appellate level. Here, we are dealing with a party that had no reasonable opportunity to articulate an argument before judgment was passed, but did then raise a brief objection related, but not identical to, that later fully developed in his Pa. R.A.P.1925(b) statement. Under these circumstances, we do not consider it waived. *See Venafro v. Dep't. of Transp., Bureau of Driver Licensing*, 796 A.2d 384, 388, n. 4 (Pa. Cmwlth.2002) (an argument is properly preserved for appeal if a party includes the argument in its Rule 1925(b) statement).

■ Whether Conchado's conviction was for criminal conspiracy, as the purported sentencing sheet suggests, or for actual possession with intent to deliver, as the certified conviction indicates, Section 1532(c) mandates suspension of her license. The statute states that DOT shall suspend the driving privileges of "any person upon receiving a certified record of the person's conviction of any offense involving the possession, sale, delivery, offering for sale, holding for sale, or giving away of any controlled substance under the laws of the United States, this Commonwealth or any other state...." 75 Pa.C.S. § 1532(c). DOT argues that the statute's use of the phrase "any offense involving" supports a broad interpretation. DOT asserts that Conchado's criminal conspiracy conviction falls under this broad interpretation because her conspiracy to possess necessarily "involved" possession.

This Court has previously examined the construction of this particular statute in *Keim v. Dep't. of Transp., Bureau of Driver Licensing*, 887 A.2d 834 (Pa.Cmwlth. 2005). In *Keim*, DOT, pursuant to Section 1532(c), suspended the license of a driver who pleaded guilty to one count of manufacturing a controlled substance. *Id.* at 835. The driver appealed the suspension because the manufacture of a controlled substance was not one of the offenses enumerated in Section 1532(c). *Id.* at 836. This court held that because it would be impossible for a person to manufacture a controlled substance without possessing it, for the purposes of the statute, the manufacturing of a controlled substance was an "offense involving possession" of a controlled substance. *Id.* at 839. Any other result "would be absurd and unreasonable and therefore not in accordance with the intent of the legislature[.]" *Id.* (citation omitted). Plainly, the case *sub judice* does not fall squarely within our holding in *Keim*. Indeed, it is quite possible to conspire to possess a controlled substance without actually possessing the controlled substance.

However, in *Keim*, we concluded that "use of the phrase 'any offense involving' enumerated offenses in Section 1532(c) of the Vehicle Code" should be broadly interpreted to include convictions not specifically enumerated in Section 1532(c) within the trigger for mandatory suspension. *Id.* It would appear obvious, as DOT argues, that conspiracy to commit a crime "involves" that crime.[1] Thus, Section 1532(c)

---

1. In Pennsylvania, conspiracy is a crime of the same grade and degree as the most serious offense that is the object of the conspiracy. *See* 18 Pa.C.S. § 905(a). Under the Pennsylvania Sentencing Guidelines, a conviction for conspiracy to commit an offense under the Drug Act receives the same Offense Gravity Score as the offense that is the object

provides for a license suspension following a conviction for Criminal Conspiracy to Possess with Intent to Deliver.

Accordingly, the order of the trial court is reversed.

### ORDER

AND NOW, this 5th day of February, 2008, the order of the Court of Common Pleas of Montgomery County in the above captioned matter is hereby REVERSED, and the license suspension at issue in this appeal is REINSTATED.

of the conspiracy. *See* 204 Pa.Code § 303.3(3). The Guidelines treat a conspiracy as identical to the underlying crime itself.