# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel R. Trybend,  :
                      Appellant  :
                                :
        v.  :    No. 34 C.D. 2019
                                :    Submitted: July 12, 2019
Commonwealth of Pennsylvania,  :
Department of Transportation,  :
Bureau of Driver Licensing  :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**              **FILED: November 8, 2019**


Appellant Daniel R. Trybend (Trybend) appeals from an order of the Court of Common Pleas of Washington County (trial court), dated December 10, 2018. The trial court dismissed Trybend's statutory appeal from the six-month suspension of his operating privilege imposed pursuant to former Section 1532(c) of the Vehicle Code, 75 Pa. C.S. § 1532(c) (pertaining to suspension of operating privilege).[1] We affirm the trial court's order.

---

[1] The General Assembly amended Section 1532 of the Vehicle Code by the Act of October 24, 2018, P.L. 659 (H.B. 163). H.B. 163 became effective April 22, 2019, and removed convictions under The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780-101 to -144, from the list of convictions which trigger license suspensions under Section 1532 of the Vehicle Code. The amendment does not apply retroactively.

## I. BACKGROUND

By notice dated March 28, 2018, the Department of Transportation, Bureau of Driver Licensing (Department), informed Trybend that it had suspended his driving privilege for a period of six months as a result of his March 16, 2018 conviction for violating Section 13(a)(30) of the Drug Act, 35 P.S. § 780-113(a)(30).[2] (Reproduced Record (R.R.) at RR004.) Trybend timely appealed the Department's notice to the trial court, asserting that he had not been convicted of a violation of Section 13(a)(30) of the Drug Act, and, therefore, the Department erroneously suspended his license.

On November 7, 2018, the trial court conducted a *de novo* hearing on Trybend's appeal.[3] At the hearing, the Department submitted into evidence: (1) Trybend's official notice of suspension; (2) a DL-21D (10-15) Form, titled "Report of a Court Showing the Conviction of Certain Violations of the [Drug Act]" (Conviction Report); and (3) Trybend's certified driving record. (R.R. at RR046-58.)

---

[2] Section 13(a)(30) of the Drug Act provides:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

. . . .

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

[3] In addition to suspending the license of Trybend, the Department also suspended the license of Kevin D. Trybend. The trial court consolidated the matters for the purpose of conducting a hearing because their convictions stem from the same underlying criminal case. Kevin D. Trybend has a similar appeal pending before this Court at *Trybend v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 33 C.D. 2019).

2

The Conviction Report is a standard form that a clerk of court uses to fulfill reporting obligations under Section 6323(1)(i) of the Vehicle Code, 75 Pa. C.S. § 6323(1)(i).[4] The form includes a number of boxes that are to be checked for various violations of Section 13 of the Drug Act, 35 P.S. § 780-113, specifically subsections (a)(12), (a)(16), (a)(30), (a)(31), and (a)(36). Notably, the Conviction Report also directs the clerk of court to check the box if a person is convicted of any of the inchoate offenses of Criminal Attempt (18 Pa. C.S. § 901), Criminal Solicitation (18 Pa. C.S. § 902), or Criminal Conspiracy (18 Pa. C.S. § 903) as they relate to the offenses under Section 13 of the Drug Act listed on the form. (R.R. at RR051.) Trybend's Conviction Report shows a checked box next to Section 13(a)(30) of the Drug Act, apparently indicating that he was convicted of a violation of Section 13(a)(30) of the Drug Act or convicted of an inchoate offense related thereto—*i.e.*, Sections 901-903 of the Crimes Code, 18 Pa. C.S. §§ 901-903. (*Id.*) Trybend's certified driving record identifies two convictions for a violation of Section 13(a)(30) of the Drug Act and one conviction for a violation of Section 13(a)(16) of the Drug Act. (R.R. at RR056.)

Additionally, the Department presented a printout of the docket entries for Trybend's underlying criminal case, which lists the charges and the disposition thereof. (R.R. at RR059-67.) Trybend objected to the exhibit because the printout

---

[4] Section 6323(1)(i) of the Vehicle Code provides:

The clerk of any court of this Commonwealth, within ten days after final judgment of conviction or acquittal or other disposition of charges under any of the provisions of this title or under [S]ection 13 of the [Drug Act,] . . . including an adjudication of delinquency or the granting of a consent decree, shall send to the department a record of the judgment of conviction, acquittal or other disposition.

3

was not a certified, official copy of the criminal docket entries. The trial court admitted the exhibit over objection. (R.R. at RR041.)

To rebut the Department's evidence, Trybend offered the trial court's sentencing order, dated March 16, 2018 (Sentencing Order), relating to Trybend's underlying criminal case.[5] The Sentencing Order provided, in relevant part:

> AND NOW, this 16th day of March, 2018, the Court having accepted [Trybend's] open plea on August 18, 2017, and based upon [Trybend's] cooperation with the Commonwealth, the Court hereby sentences [Trybend] as follows:
>
> On the charge of Criminal Use of a Communication Facility, [18 Pa. C.S.] § 7512(a), a Felony of the 3rd Degree, [Trybend] is sentenced to pay the costs of prosecution and be placed in the Intermediate Punishment Program for a period of twenty-three (23) months under the supervision of the Washington County Adult Probation Office. The first six (6) months of which shall be served on an electronic home monitor, with costs taxed to [Trybend].
>
> On the charge of Criminal Conspiracy, [18 Pa. C.S.] § 903(a)(1), an ungraded Felony, [Trybend] is sentenced to be placed in the Intermediate Punishment Program for twenty-three (23) months under the supervision of the Washington County Adult Probation Office. The first six (6) months of which shall be served on an electronic home monitor, with costs taxed to [Trybend]. This sentence shall run concurrently to the sentence imposed above.
>
> . . . .
>
> The Court will specifically note that the remaining charges set forth in the Commonwealth's Criminal Information are *nolle prosse*d as part of the plea agreement. Such *nolle pros* includes Violations of the Drug Act, Possession with Intent to Deliver, [35 P.S.]

---

[5] Trybend was sentenced by the Court of Common Pleas of Washington County's criminal division. (R.R. at RR008-09.)

4

§ 780-113(a)(30), a Felony, and Simple Possession, [35 P.S.] § 780-113(a)(16), a Misdemeanor.

(R.R. at RR008-09.)

At the hearing, Trybend argued that the Sentencing Order does not reflect a conviction for a Drug Act related offense. To the contrary, the Sentencing Order provides that all violations of the Drug Act are *nolle prossed*. Trybend's counsel explained that dismissing the Drug Act-related charges was a specific part of the plea negotiations. Trybend's counsel argued that the Criminal Conspiracy conviction was either for general conspiracy or for conspiracy to use a communication facility for a criminal purpose. In other words, the conspiracy was, if anything, related to Trybend's first conviction and was not related to Section 13(a)(30) of the Drug Act.[6] Thereafter, on December 10, 2018, the trial court issued an order dismissing Trybend's appeal. In its Pa. R.A.P. 1925(a)

---

[6] Trybend's counsel stated as follows:

I have to offer for the Court, Your Honor, the . . . actual Sentencing Orders on both of these cases, and rather than—just to save the Court some time, rather than take my client's [sic] testimony, I can just recite what occurred. Both of these individuals, this is a father and a son, were involved in a case stemming from Canonsburg relating to a conspiracy involving [the] use of cell phones to dispose and sell prescription drugs, and through plea negotiations, they were ultimately— they pled and were sentenced on a general count of conspiracy and conspiracy—or in criminal use of a communication facility, which is what the act they did involved, was using the cell phones to further their scheme.

As part of the negotiations with the District Attorney's Office, it was specifically noted we were looking to dismiss and have the drug charges withdrawn, which is what we did, and, in specific, if you look at Mr. Daniel Trybend's Order, the very last paragraph says the Court will, specifically, note that all the remaining charges set forth in the Commonwealth's Criminal Information are *nolle prossed* as part of the plea agreement, including violations of the Drug Act, attempt to deliver, felony, simple possession.

(R.R. at RR032-33.)

5

opinion, the trial court explained that "there is no dispute that [Trybend] was criminally convicted and that he was convicted of Criminal Use of Communication Facility, 18 Pa. C.S.[] § 7512(a) and Criminal Conspiracy to Deliver a Controlled Substance, 18 Pa. C.S.[] § 903(a) – 35 P.S. § 780-113(a)(30)." (R.R. at RR027.) Citing this Court's decision in *Conchado v. Department of Transportation, Bureau of Driver Licensing*, 941 A.2d 792 (Pa. Cmwlth. 2008), the trial court concluded that conspiracy to commit a violation of Section 13(a)(30) of the Drug Act triggered the suspension of Trybend's license. (R.R. at RR027-28.) Accordingly, the trial court dismissed Trybend's statutory appeal. This appeal followed.[7]

## II. DISCUSSION

In a license suspension appeal, the only issues before the trial court are whether the criminal court convicted the licensee, and whether the Department acted in accordance with applicable law. *Glidden v. Dep't of Transp., Bureau of Driver Licensing*, 962 A.2d 9, 12 (Pa. Cmwlth. 2008). The Department bears the initial burden to establish a prima facie case that a record of conviction supports the suspension. *Id.* "An essential part of satisfying this burden is the production of an official record of the conviction supporting the suspension." *Id.* Once the Department satisfies its initial burden of establishing a conviction, a rebuttable presumption is created. *Id.* at 13. To overcome this presumption, a licensee must show by *clear and convincing* evidence that the record is erroneous. *Id.* "Clear and convincing evidence is 'evidence that is so clear and direct as to permit the trier of fact to reach a clear conviction, without hesitancy, as to the truth of the facts at

---

[7] "This Court's review is limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law were committed, or whether the trial court committed an abuse of discretion in making its [decision]." *Sivak v. Dep't of Transp., Bureau of Driver Licensing*, 9 A.3d 247, 251 n.6 (Pa. Cmwlth. 2010).

6

issue.'" *Id.* (quoting *Mateskovich v. Dep't of Transp., Bureau of Driver Licensing*, 755 A.2d 100, 102 n.6 (Pa. Cmwlth. 2000)).

Section 1532(c) of the Vehicle Code governs mandatory license suspensions. At the time of Trybend's conviction, Section 1532(c) provided:

> (c)     Suspension.--The department shall suspend the operating privilege of any person upon receiving a certified record of the person's conviction of *any offense involving* the possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under the laws of the United States, this Commonwealth or any other state . . . .
>
> (1)  The period of suspension shall be as follows:
>
> > (i)  For a first offense, a period of six months from the date of the suspension.

75 Pa. C.S. § 1532(c) (emphasis added). In *Conchado*, this Court concluded that the phrase "any offense involving" should be broadly interpreted to include convictions not specifically enumerated in Section 1532(c) of the Vehicle Code. *Conchado*, 941 A.2d at 795. In that case, this Court held that criminal conspiracy to commit an enumerated offense appearing in Section 1532(c) triggered a mandatory license suspension. We explained that it "would appear obvious . . . that conspiracy to commit a crime 'involves' that crime," and, thus, requires a suspension of operating privileges in accordance with Section 1532(c) of the Vehicle Code. *Id.* at 795-96.

The parties agree that conspiracy to commit an enumerated offense listed in Section 1532(c) of the Vehicle Code triggers a mandatory suspension. Trybend, however, argues the trial court erred in concluding that the Department satisfied its burden of proving that he was convicted for conspiring to commit a violation of Section 13(a)(30) of the Drug Act. Alternatively, Trybend asserts that, if the Department satisfied its initial burden, he proved that the Department's record of conviction is erroneous. We address each argument in turn.

7

*A. Department's Evidence*

Trybend challenges the trial court's admission of the uncertified printout of the criminal docket entries as proof of conviction, and the Department agrees that the trial court erred in admitting the printout. (*See* Department's Brief at 15 ("Trybend is correct that the trial court should not have admitted these uncertified docket entries.")); *see also Conchado*, 941 A.2d at 794 ("While a court in appropriate circumstances may take judicial notice of court records, this does not include unauthenticated photocopies which look like court records but are not stipulated to be genuine and accurate."). This Court agrees with the parties that the trial court erred in admitting Department's Exhibit 2, the uncertified printout of Trybend's criminal docket. In *Rawson v. Department of Transportation, Bureau of Driver Licensing*, 99 A.3d 143 (Pa. Cmwlth. 2014), we held that what constitutes an official record sufficient to establish the fact of an actual conviction is governed by Section 6103 of the Judicial Code, 42 Pa. C.S. § 6103, which provides, in relevant part:

> (a) General Rule.--An official record kept within this Commonwealth by any court, magisterial district judge or other government unit . . . when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by that officer's deputy, and accompanied by a certificate that the officer has the custody.

Because the printout of Trybend's criminal docket entries was uncertified, it is not an official record sufficient to establish the fact of conviction. Accordingly, we agree with the parties that the trial court erred in admitting the Department's Exhibit 2.

8

Nevertheless, the Department maintains that the trial court's improper admission of the uncertified criminal docket entries is harmless error, as its other evidence was sufficient to establish a prima facie case that Trybend was convicted of violating Section 13(a)(30) of the Drug Act or a related inchoate offense. In *Glidden*, this Court held that the Department's production of a certified conviction report and a certified driving record is sufficient to satisfy its initial burden and creates a rebuttable presumption of the fact of a licensee's conviction. *Glidden*, 962 A.2d at 12-13. Here, the Department presented Trybend's Conviction Report, showing one conviction for or involving Section 13(a)(30) of the Drug Act, and certified driving record, showing two convictions for a violation of Section 13(a)(30) of the Drug Act and one conviction for a violation of Section 13(a)(16) of the Drug Act.[8] Accordingly, even without considering the uncertified printout of Trybend's criminal docket entries, the Department satisfied its initial burden of proof and successfully created a rebuttable presumption that Trybend was convicted of the offenses identified in the Conviction Report and certified driving record. Thus, the trial court's admission of the uncertified printout of the criminal docket entries constituted harmless error as it relates to the Department's prima facie case. Moving forward, the relevant question, then, is whether Trybend rebutted the presumption by producing clear and convincing evidence that the Department's records are erroneous. In analyzing that question, we will proceed as if the trial court had not admitted into evidence the uncertified printout. Thus, the uncertified printout will not be considered for purposes of buttressing or rebutting the presumption established by the Conviction Report and certified driving record.

---

[8] The certified driving record appears merely to document receipt of the Conviction Report.

9

## B. Trybend's Evidence

Trybend argues that the Sentencing Order rebuts the presumption that he was convicted of an offense involving the Drug Act. He argues that the sentencing court specifically noted that violations of the Drug Act, including Possession with Intent to Deliver, 35 P.S. § 780-113(a)(30), and Simple Possession, 35 P.S. § 780-113(a)(16), were *nolle prossed*. We agree with Trybend that the Sentencing Order shows that the above charges under the Drug Act were, in fact, *nolle prossed* at sentencing. The Department, however, does not argue that a Drug Act conviction is triggering Trybend's suspension. Rather, the Department asserts that Trybend's conviction for Criminal Conspiracy to violate the Drug Act under Section 903 of the Crimes Code is triggering the suspension. *Conchado*, 941 A.2d at 795-96.

Trybend argues that while the Sentencing Order convicts him of Criminal Conspiracy, 18 Pa. C.S. § 903, it does not indicate the object of such conspiracy, and, therefore, the Department cannot prove that he was convicted of conspiracy to commit a violation of Section 13(a)(30) of the Drug Act.

> Section 903(a) of the Crimes Code defines conspiracy as follows:
>
> A person is guilty of conspiracy with another person or persons to commit *a crime* if with the intent of promoting or facilitating its commission he:
>
> > (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
> >
> > (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

(Emphasis added.) "A criminal conspiracy conviction requires proof of: '(1) an intent to commit or aid *in an unlawful act*, (2) an agreement with a co-conspirator[,]

10

and (3) an overt act in furtherance of the conspiracy.'" *Cmwlth. v. Thomas*, 65 A.3d 939, 943 (Pa. Super. 2013) (quoting *Cmwlth. v. Galindes*, 786 A.2d 1004, 1010 (Pa. Super. 2001), *appeal denied*, 803 A.2d 733 (Pa. 2002)). Thus, a conspiracy conviction cannot exist absent an intent to commit or aid in an underlying crime or unlawful act. *Id.* At the trial court hearing, Trybend's counsel argued that the conspiracy conviction was either for "general" conspiracy or conspiracy to criminally use a communication facility. (R.R. at RR032-33.) Beyond his counsel's statements to this effect, Trybend offered no supporting testimonial or documentary evidence to support that theory.

Although the Sentencing Order fails to indicate the object of the conspiracy, the absence of this information does not rebut the presumption that Trybend pled guilty to conspiracy to violate Section 13(a)(30) of the Drug Act as reflected in the Department's certified records. (R.R. at RR051, RR056.) In order to rebut the presumption, Trybend must have presented clear and convincing evidence that the object of the conspiracy was not to violate the Drug Act but, instead, to commit some other unlawful act. Although Trybend's counsel stated to the trial court that the conspiracy was either for "general" conspiracy, which cannot exist under the Crimes Code, or for conspiracy to criminally use a communication facility, he presented no evidence. It is well-settled that an attorney's statements at trial are not evidence. *Glidden*, 962 A.2d at 13. In sum, Trybend did not present clear and convincing evidence that the object of the conspiracy was to commit a crime other than a violation of Section 13(a)(30) of the Drug Act.

### III. CONCLUSION

We conclude that the Department carried its initial burden of proof that Trybend was convicted of conspiracy to commit a violation of Section 13(a)(30) of

11

the Drug Act, and Trybend failed to rebut the presumption that the conviction exists. Accordingly, this Court affirms the trial court's order dismissing Trybend's appeal.

<br>

P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel R. Trybend,               :
               Appellant     :
                           :
            v.                  :    No. 34 C.D. 2019
                           :
Commonwealth of Pennsylvania,    :
Department of Transportation,      :
Bureau of Driver Licensing        :

# **O R D E R**

AND NOW, this 8th day of November, 2019, the Washington County Court of Common Pleas' order dated December 10, 2018, is AFFIRMED.

 

P. KEVIN BROBSON, Judge